**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Rest Assured, LLC, Appellant,

v.

South Carolina Department of Employment and Workforce, Respondent.

Appellate Case No. 2013-000774

Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

Unpublished Opinion No. 2014-UP-235
Heard May 7, 2014 – Filed June 18, 2014

**REVERSED**

Thornwell F. Sowell, III, of Sowell Gray Stepp & Laffitte, LLC, of Columbia, and David Cochran Dick, Jr., of Charleston, for Appellant.

Debra Sherman Tedeschi, of Columbia, for Respondent.

**PER CURIAM:** Rest Assured, LLC, appeals an order by the Administrative Law Court (ALC) finding for the South Carolina Department of Employment and Workforce (SCDEW) that individuals working as personal care aides were

employees pursuant to South Carolina law. Rest Assured also challenges the ALC's refusal to allow it to supplement the record. We reverse and find the aide workers were independent contractors.

We agree with Appellant's argument that their personal care aide workers were not employees but contract workers. The contract agreement and the conduct between Appellant and its workers were similar to that of *Wilkinson ex rel. Wilkinson v. Palmetto State Transp. Co.*, 382 S.C. 295, 299, 676 S.E.2d 700, 702 (2009) (stating whether independent contractor or employee status prevails depends on the issue of control and whether employer had the right to control the performance of the work). In our consideration of the record as a whole, we do not find there is substantial evidence in the record to support the ALC's decision. *See ESA Servs., LLC v. S.C. Dep't of Revenue*, 392 S.C. 11, 24, 707 S.E.2d 431, 438 (Ct. App. 2011) (noting that "although this court shall not substitute its judgment for that of the ALC as to findings of fact, we may reverse or modify decisions that are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole").

We disagree with Appellant's argument that the record should be supplemented. Subsection 1-23-380(3) of the South Carolina Code (Supp. 2013) requires for additional evidence to be submitted it must be material and there must be good reasons for the failure to present the evidence. Here, Appellants presented no good reason for their five-year delay in presenting the evidence.

**REVERSED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**